UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREFUSION 202, INC., <br><br>Petitioner, <br><br>v. <br><br>TRES TECH CORPORATION, <br><br>Respondent. <br>_____/ | No. C-13-2194 EMC <br><br>**ORDER GRANTING RESPONDENT'S MOTION TO STAY** <br><br>**(Docket No. 27)** |

Currently pending before the Court is Defendant Tres Tech Corp.'s motion to dismiss or stay. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel and all other evidence of record, the Court hereby **GRANTS** the motion to stay.

Under the "first-to-file" rule, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Medical Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).

> Three factors should be considered in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. The issues and parties in the first and second action need not be identical, but "substantially similar."

*EMC Corp. v. Bright Response, LLC*, No. C-12-2841 EMC, 2012 U.S. Dist. LEXIS 132513, at *4 (N.D. Cal. Sept. 17, 2012). In the instant case, the above factors establish that the first-to-file rule is applicable. First, the Texas action was clearly filed before the case at bar. *See Intuitive Surgical, Inc. v. California Institute of Technology*, No. C07-0063-CW, 2007 U.S. Dist. LEXIS 31753, at *6-8

United States District Court
For the Northern District of California

1  (N.D. Cal. Apr. 18, 2007) (holding that the first-to-file rule still applies even when the two actions
2  are filed only a few hours apart). Second, the parties agree that the exact same arbitration award is
3  at issue in both the Texas action and the current action. Finally, while the parties in the Texas case
4  and the instant case are not identical – *i.e.*, CareFusion Corp. is a party in the Texas case whereas
5  CareFusion 202 is a party in the instant case – the two CareFusion companies are related entities,
6  and Tres Tech's naming of CareFusion Corp. as a defendant in the Texas case was not completely
7  unfounded given that the arbitration award named CareFusion Corp. (and not CareFusion 202) as the
8  respondent. In any event, case law supports applying the first-to-file rule when the issue in the two
9  cases are exactly the same regardless of similarity of the parties. *See e.g.*, *Interactive Fitness
10 Holdings, LLC v. Icon Health & Fitness*, No. 10-CV-04628-LHK, 2011 WL 1302633, at *2-3 (N.D.
11 Cal. Apr. 5, 2011) (indicating that the critical inquiry is whether the issues raised in the two matters
12 are "exactly the same") (emphasis omitted); *Advanta Corp. v. Visa U.S.A., Inc.*, No. Civ.A. No. 96-
13 7940, 1997 WL 88906, at *3 (E.D. Pa. Feb. 19, 1997) (noting that "[t]he first filed rule turns on
14 which court first obtains possession of the subject of the dispute, not the parties of the dispute").

15       There are, of course, exceptions to the first-to-file rule. *See Alltrade, inc. v. Uniweld Prods.,
16 Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (noting that "[t]he circumstances under which an exception
17 to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum
18 shopping"); *EMC*, 2012 U.S. Dist. LEXIS 132513, at *9 (noting that "other circumstances [that]
19 may also warrant a rejection of the first-to-file rule, such as factors involving convenience to the
20 parties or sound judicial administration"). But the Ninth Circuit has stated that any argument based
21 on the respective convenience of the two courts should generally be made to the court in the first-
22 filed action. *See Alltrade*, 946 F.2d at 628; *see also Isle Capital Corp. v. Koch Carbon, Inc.*, No. 06-
23 00525 MMC, 2006 WL 823186, at *4 (N.D. Cal. Mar. 28, 2006) (stating that "[a]rguments
24 concerning the convenience of witnesses and the parties are properly addressed, in the first instance
25 to the court in the first-filed action"). While the Ninth Circuit does not appear to have made any
26 express ruling as to whether other exceptions – *i.e.*, bad faith, anticipatory suit, and/or forum
27 shopping – should be addressed by the first or second court, and while some courts (as the second
28 court), have entertained those exceptions, other courts have held that those exceptions should also be

addressed by the first court, and not the second. *See, e.g.*, *Intuitive Surgical*, 2007 WL 1150787, at *3; *SAP America, Inc. v. Purple Leaf, LLC*, No. C 11-4601 PJH, 2012 WL 49239, at *2 (N.D. Cal. Jan. 9, 2012). The Court agrees with the latter courts that the exceptions should be entertained by the first court. It would contravene the purpose of the first-to-file rule (*i.e.*, to avoid inconsistent results and promote efficiency) for the second court to make a ruling on whether an exception applies. Moreover, there is nothing to indicate that this Court is in a better position than the Texas court to consider the exceptions.[1]

The only issue remaining is whether a dismissal or a stay is appropriate based on the first-to-file rule. The Court, in the exercise of its discretion, concludes that a stay is proper, particularly because the outcome of the Texas action is uncertain at this juncture. *See Alltrade*, 946 F.2d at 628-629 (holding that where the first-filed action may be dismissed, the second-filed action should not be dismissed).

This order disposes of Docket No. 27.

IT IS SO ORDERED.

Dated: August 2, 2013

_____
EDWARD M. CHEN
United States District Judge

---

[1] The Court also notes that there does not appear to be facially compelling argument in favor of the exceptions such that this Court, rather than the Texas court, should presumptively opine on the issue. For example, CareFusion makes no argument of anticipatory suit or bad faith (other than forum shopping). As for CareFusion's forum shopping argument, there is no dispute that Tres Tech is a Texas-based company. Although Tres Tech appears to be based in the Eastern District of Texas rather than the Northern District of Texas, Tres Tech has explained in its reply brief that "[c]ounsel for Tres Tech filed the Texas Action . . . because of its proximity to our offices (located in Dallas, Texas), proximity to the majority of Tres Tech's shareholders and president, [and] the extensive contacts of CareFusion Corporation in the Northern District of Texas geographic region." Reply at 9.